UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS M. McDANIEL, and )<br>VICKI McDANIEL, Individually and as )<br>Natural Guardians of )<br>JEREMIAH A. McDANIEL, )<br>JAMES K. BUSH, and )<br>KAREN CLARK BUSH, Individually and as )<br>Natural Guardians of )<br>JACOB L. BUSH, )<br>LINDA ANN PERRY; and )<br>PEDCOR INVESTMENTS, LLC., on )<br>Behalf of themselves and All Others Similarly )<br>Situated, )<br>      Plaintiffs, )<br>      )<br>   vs. )<br>      )<br>NORTH AMERICAN INDEMNITY, N.V., )<br>AMERICAN HEARTLAND HEALTH )<br>ADMINISTRATORS, INC., )<br>MANAGED HEALTHCARE, INC., )<br>MARSH INVESTMENT CORP., )<br>JOHN FOWLER ANDERSON, )<br>EUAN D, McNICOLL, )<br>JACK H.M. FERGUSON, and )<br>EDWIN E. HORN, )<br>      Defendants. ) | 1:02-cv-422-LJM-WTL |

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

This matter comes before the Court on cross-motions for summary judgment by Defendant Edwin E. Horn ("Horn"), and Plaintiffs Dennis M. McDaniel and Vicki McDaniel, individually and as natural guardians of Jeremiah A. McDaniel, James K. Bush, and Karen Clark Bush, individually and as natural guardians of Jacob L. Bush, Linda Ann Perry, and Pedcor Investments, LLC., on behalf of themselves and all others similarly situated (collectively "Plaintiffs").

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiffs' Motion for Summary Judgment.

## I. BACKGROUND

Plaintiffs' Original Complaint alleged, *inter alia*, breach of fiduciary duty against Managed Healthcare, Inc. ("MH"), and Horn (collectively "MH Defendants").[1]  Comp. ¶¶ 7, 15-16, 21-23. On May 9, 2002, the Clerk of Court entered default judgment against four defendants, including the MH Defendants.  Dkt. No. 20 at 1.  On November 5, 2002, the Court granted Plaintiffs' motion to amend their Original Complaint by adding a claim for damages against the MH Defendants.  Dkt. No. 58.  The MH Defendants did not appear or oppose the motion to amend.  Dkt. No. 79 at 2.  On April 1, 2003, the Court denied the MH Defendants' Motion to Reconsider Addition of Damages Claim.  Dkt. No. 79.

## II. STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 111 S.Ct. 1317 (1991).  Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

---

[1]  Horn and MHI were collectively referred to as "MH" in the Original Complaint.  Comp. ¶ 7.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of

the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997)

### III. DISCUSSION

Defendant Horn seeks summary judgment against Plaintiffs, arguing that the Court's entry of default judgment does not establish his individual liability. In response, Plaintiffs filed a cross-motion for summary judgment as to liability, arguing that the entry of default establishes both Horn's fiduciary status and breach of fiduciary duty. Pl.'s Br. Resp. at 2, 16.

This issue has been well settled by the Court's prior rulings. Nevertheless, Horn argues that the prior default judgment is "directly contrary to Federal Rule 54 and the Court's earlier orders regarding the effect of its earlier default judgment." Def.'s Br. Supp. at 4

True, Federal Rule of Civil Procedure 54 provides that "[a] judgment by default shall not be different in kind from or exceed in amount . . . prayed for in the demand for judgment," and indeed, "[t]he purpose of Rule 54 is to prevent default judgment from operating as to claims of which the defendant does not have notice." Dkt. No. 79 (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2663 (3d ed. 1998), but MH again misapplies Rule 54.

The Court has addressed Horn's argument in its April 1, 2003, Order, denying MH's Motion to Reconsider Addition of Damages Claim. As the Court noted, Plaintiffs did not intend, by amending their complaint, to request that the default judgment against MH on the Original Complaint be extended to the new claim for damages. Dkt. No. 79 at 3-4. Plaintiffs do not make such a request now. They do not assert that the default judgment extends beyond the scope of the Original Complaint.

Furthermore, enforcing the prior default judgment as to liability is in no way inconsistent with the Court's previous Orders. The Court made clear, in granting Plaintiffs leave to amend their complaint, that:

> Plaintiffs' filing of their Amended Complaint shall have no effect on the defaults entered against defendants Managed Healthcare, Inc., [and] Edwin Horn . . . Further, the filing of the Amended Complaint shall not reopen the pleadings upon which these defendants have been defaulted, and these defendants shall have no right to plead to the allegations or claims in the original complaint or assert affirmative defenses thereto.

Dkt. No. 58 at 2. Enforcing the default judgment is consistent with the Court's prior rulings.

Horn also argues that the pleadings in the Original Complaint were inadequate to establish individual liability. The Court disagrees. The Original Complaint spelled out plainly that "MH (collectively referring to MH and Horn) are and at all relevant times have been ERISA fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A). Dkt. No. 20, ¶ 15. *See also id*. ¶¶ 7, 16, 21-23. Furthermore, Horn's argument that the Original Complaint failed to show his exercise of discretionary authority to establish individual liability is untimely. Contesting his individual liability may have been appropriate in a motion to dismiss had he timely responded to the Original Complaint, but he failed to do so, and the Court's entry of judgment stands.

Plaintiffs have moved for summary judgment as to liability only. However, Horn's liability has been conclusively established by the entry of default and reaffirmed by this Court's November 5, 2002, and April 1, 2003, Orders. *See* Dkt. Nos. 58, 79. Therefore, the Court finds Plaintiffs' motion for summary judgment duplicative of the default judgment against Horn.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's, Edwin E. Horn, Motion for Summary Judgment, and **DENIES** Plaintiffs', Dennis M. McDaniel and Vicki McDaniel, individually and as natural guardians of Jeremiah A. McDaniel, James K. Bush, and Karen Clark Bush, individually and as natural guardians of Jacob L. Bush, Linda Ann Perry, and Pedcor Investments, LLC., on behalf of themselves and all others similarly situated, Motion for Summary Judgment, as Horn's individual liability was conclusively established by the Court's May 9, 2002, Order.

IT IS SO ORDERED this 4th day of January, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

G. Daniel Kelley Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Edward Price Steegmann
ICE MILLER LLP
ed.steegmann@icemiller.com

Distributed via U.S. Postal Service to:

Allan G. Levine
CHRISTIAN SMITH & JEWELL
2302 Fannin, Suite 500
Houston, TX 77002